Per Curiam.

The following contentions were presented in oral argument:
Petitioner raises questions relating to the affidavit and warrant for his arrest. In the affidavit, the name of the female on whom the offense was committed and the complaining witness was McMillan, whereas he was indicted for an offense against one McMiller. He contends also that the complaint was invalid because it set forth an incorrect address, and thus his arrest was illegal. The basis and validity of a conviction of a crime are grounded upon trial by a court of competent jurisdiction, which jurisdiction has been invoked by the return of a valid indictment. An indictment formally charging an accused is not dependent on either the regularity of his arrest or *276 the sufficiency or validity of the original complaint but on evidence presented to the grand jury. Thus, irregularities in a complaint against or in the arrest of an accused are not grounds for his release by habeas corpus after an indictment is returned against him and he has pleaded guilty to the charge. In other words, irregularities or defects in process do not then affect the jurisdiction of the trial court. 25 American Jurisprudence, 169, Habeas Corpus, Section 34.
The next contention made by petitioner is that his indictment was invalid for failure to state that the female involved was not his daughter, sister or a female under 12. In Ohio, the crime of rape is divided into different crimes depending on age, relationship, mental capacity, etc., of the female. Petitioner was indicted under the general rape statute, Section 2905.01, Revised Code, and the statutory rape statute, Section 2905.03, Revised Code. The language to which he refers is contained in the description of the crime of rape under Section 2905.02, Revised Code, relating to the rape of a daughter, sister or a female under 12 and constitutes a different and distinct crime from those described in Sections 2905.01 and 2905.03, Revised Code, the crimes for which petitioner was charged. It is not necessary in an indictment to describe and except therefrom different crimes in the same category. In other words, an indictment need not contain the crimes with which an accused is not charged. The crimes with which petitioner was charged were fully and completely described in his indictment and such indictment was valid.
Petitioner contends that his constitutional rights have been infringed because he did not file the statutory waiver of a jury. Where one pleads gililty to an indictment the failure to file a statutory waiver of jury infringes none of the accused’s constitutional rights. Norton v. Green, Supt., 173 Ohio St., 531; Vertz v. Sacks, Warden, 173 Ohio St., 459; and Rodriguez v. Sacks, Warden, 173 Ohio St., 456.
The final contention of petitioner is that he was denied his constitutional right to a speedy trial. He bases this contention on the fact that six days elapsed between his arrest and his preliminary hearing. The right to a speedy trial is one which must be claimed at the time one is being deprived thereof, and the *277 failure to do so constitutes a waiver. Delay in the preliminary hearing or of the trial itself cannot be urged as a ground for relief by habeas corpus after the accused has pleaded guilty to or been convicted of the crime with which he was charged. Taylor v. Warden, 201 Md., 656; and Baldwin v. Warden, 201 Md., 657. Although habeas corpus lies to effect a discharge where there is an existing delay, once such delay has terminated, the right to discharge no longer exists. 39 Corpus Juris Secundum, 522, Habeas Corpus, Section 29.
It is clear in the instant case that petitioner was deprived of none of his constitutional rights, and that the court in which he pleaded guilty had jurisdiction both of his person and the subject matter of the crime.

Petitioner remanded to custody.

Taet, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.